**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEBCOR CONSTRUCTION, LP; ARCHITECTURAL GLASS AND ALUMINUM CO., INC., | No. 19-15805 |
| Plaintiffs, | D.C. No. 4:17-cv-02220-YGR |
| v. | MEMORANDUM* |
| ZURICH AMERICAN INSURANCE COMPANY; et al., | |
| Defendants, | |
| --------------------------------------------------- *And Third Party Complaint* | |
| OLD REPUBLIC GENERAL INSURANCE CORPORATION, | |
| Third-Party Plaintiff-Appellant, | |
| v. | |
| MOTORISTS MUTUAL INSURANCE COMPANY, | |
| Third-Party Defendant-Appellee. | |

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 26, 2020[**]
San Francisco, California

Before: WALLACE, GRABER, and COLLINS, Circuit Judges.

Appellant Old Republic General Insurance Corporation ("Old Republic") timely appeals from the district court's summary judgment in favor of Appellee Motorists Mutual Insurance Company ("Motorists"). We have jurisdiction under 28 U.S.C. § 1291. On de novo review, Hyundai Motor Am. v. Nat'l Union Fire Ins. Co., 600 F.3d 1092, 1095 (9th Cir. 2010), we affirm.

The district court did not err in concluding that, in light of Exclusion (k) of the Motorists insurance policy, there was no potential for coverage from the outset of the underlying litigation and, therefore, no duty to defend. See Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co., 302 F.3d 1049, 1056 (9th Cir. 2002) (stating the standard on summary judgment for determining an insurer's duty to defend under California law). Old Republic did not contend below, and has not contended on appeal, that the underlying complaint included factual allegations of damage to any property other than the insulated glass units (IGUs) themselves and the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

curtainwalls into which the IGUs were installed. Because the Named Insured under the Motorists policy—Midwest Curtainwalls Inc. ("Midwest")—received the IGUs and installed them into the curtainwalls, the only property damage alleged in the complaint was excluded under the plain text of Exclusion (k). That exclusion precludes coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it." The insurance policy defines "your product," in part, to include "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by" the Named Insured, *i.e.*, Midwest.

Old Republic contends only that the IGUs do not count as Midwest's products, but the district court correctly rejected this contention. Although manufactured by Viracon, the IGUs fall within the "your product" exclusion because they were "handled" by Midwest. See Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/handle (last visited Mar. 24, 2020) (defining "handle" as "to act on or perform a required function with regard to"); The American Heritage Dictionary of the English Language, https://ahdictionary.com/word/search.html?q=handle (last visited Mar. 24, 2020) (defining "handle" as "[t]o touch, lift, or hold with the hands"); Oxford English Dictionary, https://www.oed.com/view/Entry/83880?rskey=HdVxHz&

result=3#eid (last visited Mar. 24, 2020) (defining "handle" as "[t]o manipulate" or "[t]o touch or feel with the hand or hands").  After Viracon manufactured the IGUs, they were delivered to Midwest to install into the frames that it had designed.  The plain meaning of the exclusion therefore unambiguously precludes coverage.  Accordingly, Motorists did not owe a duty to defend its additional insureds.

**AFFIRMED.**